FILED/REC'D

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN

2026 MAI -8  A 9: 48

CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

DANIEL Z. MALDONADO,

Plaintiff,

Civil Case No: 26-cv-438-wmc

JARED M. HOY, Secretary, Wisconsin Department of Corrections,

in his official capacity for injunctive relief and individual capacity for damages,

3099 E. Washington Ave. Madison, WI 53707,

and (currently believed to be) GRETCHEN KNUTSON,

Sex Offender Registry Program Director, in her official and individual capacities,

3099 E. Washington Ave Madison, WI 53707, And/or John/Jane Doe 1-5,

Defendants.

---

# COMPLAINT AND JURY DEMAND
## (42 U.S.C. §1983)

---

## I. JURISDICTION AND VENUE

This civil rights action arises under 42 U.S.C. § 1983 and the Constitution of the United States.

This Court has jurisdiction pursuant to:

- **28 U.S.C. § 1331** (federal question jurisdiction)

- **28 U.S.C. § 1343(a)(3)** (civil rights jurisdiction)

Venue is proper under **28 U.S.C. § 1391(b)** because the events giving rise to this action occurred in this District and Defendants are located within this District in Madison, Wisconsin.

## II. <u>PARTIES</u>

Plaintiff Daniel Z. Maldonado is a resident of Colorado and a United States citizen.

Defendant Jared M. Hoy is Secretary of the Wisconsin Department of Corrections and acted under color of state law.

Defendant Gretchen Knutson is the Sex Offender Registry Program Director and acted under color of state law.

Defendants John/Jane Doe 1–5 are unknown state actors responsible for enforcement and administration of registry requirements.

All Defendants acted individually and in concert under color of Wisconsin law.

## III. <u>FACTUAL BACKGROUND</u> (STRICT CHRONOLOGY)

### A. Original Criminal Case

Plaintiff pled no contest to a "non-violent and hands-off" offense in Sauk County Circuit Court Case No. 2002CF186.

The sentencing court imposed a sex offender registration requirement.

No sentencing order at any juncture imposed "lifetime" registration.

No judicial proceeding or resentencing ever occurred modifying Plaintiff's registration term.

Plaintiff fully completed all court-imposed obligations including all court ordered treatment while on his original probation and was discharged. Since 2002, over 24 years later, the Plaintiff has been an upstanding constituent in both Wisconsin and Colorado, and has no new felony crimes on his record and has been a upstanding American citizen and taxpayer. In addition, in 2023 the Plaintiff graduated from Metropolitan State University of Denver where he attained his Bachelor's degree as a Political Science major and Legal Studies (Pre-law) minor. Plaintiff is to start graduate school to pursue his Master's degree in the fall of 2026.

## Section III(E) – Post-Appellate Conduct

### F. Arbitrary Retroactive Legal Regime ("Moving Target Law")

Following Plaintiff's successful appellate ruling, Defendants relied on newly enacted statutory amendments, including 2023 Wisconsin Act 254, to reimpose lifetime registration obligations.

Plaintiff's legal status was therefore altered repeatedly through retroactive statutory revisions, creating an unstable and unpredictable legal regime inconsistent with fundamental due process principles.

This "moving target" application of the law deprived Plaintiff of fair notice and undermined the finality of judicial determinations. Defendants continued enforcement in direct contravention of a binding state appellate determination, eliminating any reasonable belief in legality and rendering their conduct objectively unreasonable under clearly established federal law.

## B. Absence of Judicial Authority

At no point did any court in Wisconsin issue an order imposing lifetime registration upon Plaintiff. At no point did any court conduct a "due process hearing" modifying Plaintiff's registration obligations that were agreed to via a binding contract identified as a "plea bargain agreement" between the Plaintiff and the State, office of the Sauk County District Attorney.

At no point did any judicial finding extend Plaintiff's registration beyond the original sentence in 2002. Defendants have never produced any judicial order authorizing lifetime registration.

## C. Administrative Imposition of Lifetime Registration

Despite the absence of judicial authority, Defendants unilaterally imposed lifetime sex offender registration obligations based on internal administrative agency interpretation of Wisconsin law.

This imposition occurred without:

- notice of adjudication

- hearing

- neutral decision-maker

- judicial order

- individualized findings

**D. Plaintiff's Legal Challenges and State Litigation**

Plaintiff repeatedly challenged Defendants' authority.

Plaintiff filed Sauk County Circuit Court Case No. 2021-CV-229 (writ of mandamus).

The circuit court *denied* relief... Plaintiff appealed.

In *State ex rel. Maldonado v. Wisconsin Department of Corrections*, Appeal No. 2022AP250 (Wisconsin Court of Appeals, District IV, June 15, 2023), the Wisconsin Court of Appeals held the Wisconsin Department of Corrections lacked authority to require lifetime registration under the circumstances presented and that continued enforcement would "violate a clear legal duty."

Defendants failed to rebut this binding determination with controlling, fact-specific authority and instead relied exclusively on 'generalized' precedent addressing materially distinguishable statutory frameworks.

**E. Post-Appellate Conduct and Continued Enforcement**

Despite the appellate ruling, Defendants continued enforcement and relied on legislative changes, including *2023 Wisconsin Act 254*, to justify continued imposition of lifetime registration obligations. This enforcement occurred AFTER Plaintiff had already completed his sentence and AFTER judicial clarification of Defendants' lack of authority. Defendants acted in direct disregard of a binding appellate determination and continued enforcement after judicial clarification of their lack of authority, demonstrating deliberate and objectively unreasonable conduct under federal constitutional standards. Defendant therein is in "**contempt of court.**"

## IV. CAUSE OF ACTION UNDER 42 U.S.C. §1983

Defendants, acting under color of state law, deprived Plaintiff of rights secured by the United States Constitution.

Defendants acted intentionally, capriciously, recklessly, or with deliberate indifference.

Plaintiff suffered ongoing deprivation of liberty interests and reputational harm as a direct result. Defendants' continued enforcement in direct contravention of a binding state appellate determination eliminates any objectively reasonable belief in legality and independently supports "liability" under §1983.

## COUNT I — FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS

Plaintiff was deprived of a protected liberty interest in freedom from ongoing sex offender registration obligations.

This deprivation occurred without any constitutionally adequate due process.

Specifically, Plaintiff received:

- no pre-deprivation hearing

- no post-deprivation adjudication

- no neutral decision-maker

- no judicial order authorizing deprivation

- no individualized factual findings

Defendants imposed lifetime obligations based solely on categorical statutory interpretation, without any individualized assessment of Plaintiff's circumstances.

Specifically, Defendants failed to provide:

• any individualized risk determination

• any factual findings specific to Plaintiff

• any due process hearing to evaluate necessity or proportionality

Such categorical imposition of lifelong restrictions, without individualized process, violates core due process requirements under *Mathews v. Eldridge*…

The **United States Supreme Court** has held that "due process requires notice and an opportunity to be heard prior to deprivation of a protected liberty interest." See:

*Mathews v. Eldridge*, 424 U.S. 319 (1976).

The **United States Supreme Court** further held that the "complete denial of meaningful process violates due process even where post-deprivation remedies exist." See:

*Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982).

Here, Plaintiff was subjected to ongoing legal obligations (without) any adjudicative due process whatsoever.

This is not merely deficient process — it is the <u>absence of process entirely</u>.

## COUNT II — FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS

"Government conduct violates substantive due process when it is arbitrary in the constitutional sense and exceeds all legitimate governmental justification." See:

*County of Sacramento v. Lewis*, 523 U.S. 833 (1998).

Defendants imposed lifetime registration obligations absent judicial authority and continued enforcement after the Wisconsin Court of Appeals specifically ruled that such enforcement lacked legal basis. This conduct was arbitrary in the constitutional sense because it imposed continuing legal burdens without lawful adjudication or authority. Defendants' conduct is further arbitrary because it occurred in, again, "direct disregard of a binding appellate determination that expressly held such enforcement unlawful" under the prior statutory framework.

This conscious disregard of controlling judicial authority renders Defendants' actions objectively unreasonable and constitutionally arbitrary.

## COUNT III — ULTRA VIRES ACTION AS EVIDENCE OF CONSTITUTIONAL VIOLATION

Defendants acted outside the scope of lawful authority by imposing and enforcing registration obligations absent any judicial order. Although ultra vires action is not an independent constitutional claim, it is "probative of the absence of due process" and "supports liability under 42 U.S.C. § 1983" respectively. See:

*Monroe v. Pape*, 365 U.S. 167 (1961).

Defendants' conduct demonstrates enforcement of a legal obligation that was never imposed by a Wisconsin court of competent and legal jurisdiction. Defendants' conduct was not merely negligent but reflects a sustained "pattern" of enforcement despite clear legal notice, judicial intervention, and ongoing objections for years by the Plaintiff, as the Defendants' continue to dismiss and encroach on the Plaintiff's guaranteed civil liberties with maliciousness, in direct violation of the United States Constitution. This consequently includes continued enforcement AFTER a controlling appellate ruling, further demonstrating reckless disregard for Plaintiff's constitutional rights

## COUNT IV — DELIBERATE INDIFFERENCE / CONTINUED ENFORCEMENT AFTER NOTICE

Plaintiff repeatedly notified Defendants that no lawful authority existed for lifetime registration. Plaintiff has numerous irrefutable pieces of documentary evidence to support all his claims in this civil suit, which also include formal "open records requests" given to the Plaintiff directly from the Defendant's home office.

Defendants continued enforcement despite notice and appellate litigation.

This constitutes "deliberate indifference" to Plaintiff's state and federal constitutional rights. See:

*Farmer v. Brennan*, 511 U.S. 825 (1994).

Defendants' continued enforcement after judicial clarification further establishes reckless disregard of clearly established constitutional rights.

## COUNT V — EX POST FACTO (AS-APPLIED CHALLENGE)

Plaintiff incorporates all prior paragraphs.

Although sex offender registration statutes have been characterized as 'civil' in certain contexts, the application of such statutes to Plaintiff is **"punitive in effect."**

Defendants' enforcement imposes:

• lifetime legal restrictions without an original sentence court order from Sauk County

• barriers to employment/promotion

• barriers to imminent housing discrimination

• reputational stigma

• mandatory financial payments

These effects are sufficiently severe to negate any claimed civil intent and render the statutory scheme **"punitive as applied."**

Courts have recognized that modern registry regimes may violate the **Ex Post Facto Clause** when their effects become excessive or punitive, including:

• *Doe v. Snyder,* No. 21-15668 (9th Cir. 2022)

• *Packingham v. North Carolina*, 368 N. C. 380, 777 S. E. 2d 738, (2017)

Accordingly, Defendants' retroactive application of lifetime registration to Plaintiff violates the **"Ex Post Facto Clause"** of the United States Constitution

## IX. QUALIFIED IMMUNITY

Defendants are NOT entitled to qualified immunity.

The right to be free from deprivation of liberty interests without due process of law was clearly established. See:

*Hope v. Pelzer*, 536 U.S. 730 (2002).

*Anderson v. Creighton*, 483 U.S. 635 (1987).

No reasonable official could conclude that imposing ongoing legal obligations without any judicial order, hearing, or adjudication was lawful. Defendants continued enforcement in direct contravention of a binding state appellate determination, eliminating any reasonable belief in legality and defeating qualified immunity.

After the June 15, 2023 decision of the Wisconsin Court of Appeals, no reasonable official could believe continued enforcement of lifetime registration against Plaintiff was lawful.

Defendants displayed clear "contempt" of the court system and were going to indeed persist as acting as "judge, jury and executioner" over the Plaintiff and approximately "1,500" other innocent victims to their inequity. The undisputable facts are Defendants' failed to rebut Plaintiff's claims with controlling, fact-specific authority and instead relied exclusively on generalized and clouded precedent addressing materially distinguishable circumstances.

## INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff seeks:

1. Declaration that Defendants' actions are both state and/or federally unconstitutional

2. Declaration *Wisconsin Act 254* is "**unconstitutional**" as applied

3. Injunction prohibiting enforcement of lifetime registration

4. Order restoring original registration terms

5. Permanent removal from lifetime registry status

## VIII. CLASS ACTION ALLEGATIONS (CONTINGENT UPON RETENTION OF COUNSEL)

Plaintiff brings this action individually at this time.

Plaintiff is informed and believes, based on public open records request from Defendant a few years ago, and that number of "1,334" has logically increased, litigation history, and Defendants' own admissions, that approximately 1,334 to an estimated 1,500 individuals as of 2026, have been or are currently subject to similar enforcement of sex offender registration requirements WITHOUT individualized judicial orders or adjudicative process.

These individuals include persons who have:

- completed their sentences, or

- remain under supervision of the Wisconsin Department of Corrections

And, who have been subjected to registration requirements imposed administratively rather than through judicial determination.

Plaintiff asserts that these individuals are similarly situated in that they have been subjected to:

- enforcement of registration obligations absent judicial authority

- lack of procedural due process

- continued enforcement despite legal challenges and statutory interpretation issues

- Annually paying a registration fee or "FINE" directly to the Defendant who runs the S.O.R.P. website completely on their own with no independent oversight. Plaintiff intends, upon obtaining licensed counsel, to seek certification of a class pursuant to **Rule 23** of the Federal Rules of Civil Procedure. The proposed class would satisfy the requirements of **Rule 23**, including:

- numerosity, as the class is sufficiently large

- commonality, as common questions of law and fact exist

- typicality, as Plaintiff's claims are representative

- adequacy of representation, contingent upon retention of counsel

Plaintiff includes these allegations to preserve the issue for future class certification and to notify the Court of the broader systemic nature of Defendants' conduct.

(Supplementary) - **ATTORNEY'S FEES (42 U.S.C. § 1988)**

Plaintiff brings this action under **42 U.S.C. § 1983** and is therefore entitled to recover reasonable attorney's fees and costs pursuant to **42 U.S.C. § 1988.**

In the event Plaintiff secures representation or prevails in whole or in part, Defendants are liable for such fees. The availability of attorney's fees further supports the need for injunctive relief and underscores the public importance of enforcing constitutional protections.

---

## IX. DAMAGES

Plaintiff seeks:

• $13,000,000 punitive damages

• $20,000,000 compensatory damages

Total: **$33,000,000** — In addition to any further monetary damages properly awarded by jur

## X. JURY DEMAND

Plaintiff demands TRIAL BY JURY

## XI. PRAYER FOR RELIEF

Plaintiff respectfully requests:

1. Declaratory judgment in his favor

2. Strike down *Wisconsin Act 254* as **"Unconstitutional"**

3. Permanent injunctive relief

4. Monetary damages

5. Certification of class-action suit (if counsel is obtained)

6. Any other relief deemed just and proper by this Honorable Court

Respectfully submitted,

Daniel Z. Maldonado, Pro se Plaintiff
6222 E. Pine Lane Ste. #6212  Parker, CO 80138
May 5, 2026 - (805) 500-8665
DANNYzMALDONADO@proton.me